# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRAD RUMMER, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-14-1205-M ) |
| OKT RESOURCES, LLC; PARADISE SPRINGS, LLC; TAYLOR DILLARD; and DAVID BOYCE, | ) ) ) ) |
|       Defendants. | ) |

## ORDER

Before the Court is defendants OKT Resources, LLC ("OKT"), Paradise Springs, LLC ("Paradise"), Taylor Dillard ("Dillard"), and David Boyce's ("Boyce") (also collectively, "defendants") Motion to Dismiss for (1) Lack of Subject Matter Jurisdiction, and (2) for Failure to State a Claim Upon Which Relief Can Be Granted, and Brief in Support ("Motion to Dismiss"), filed January 05, 2015. On February 25, 2015, plaintiff filed his response. Defendants have not filed any reply. Based upon the parties' submissions, the Court makes its determination.

## I.    Introduction[1]

On November 4, 2014, plaintiff filed this case against OKT[2], Paradise[3], Dillard, and Boyce for breach of contract, unjust enrichment, conversion, and fraud and/or fraudulent inducement. Specifically, plaintiff alleges that on October 1, 2007, OKT, acting through its members Dillard and Boyce, entered into a letter agreement with plaintiff. Per the letter

---

[1] The facts set forth in this Introduction are based upon the facts alleged in plaintiff's Complaint.

[2] In its disclosure statement, OKT lists Dillard and Boyce, both residents of Oklahoma, as its members.

[3] In its disclosure statement, Paradise states that some of its members include Dillard and Boyce, and other members who are citizens of Texas.

agreement, plaintiff advanced $500,000.00 to OKT to fund OKT's lease acquisition project in Texas ("the Project"). The letter agreement, as subsequently modified, required OKT to repay plaintiff the funds within four to six months with specified interest. The modified agreement also provided plaintiff an equity interest in the Project through overriding royalty interest on a well-to-well basis. Plaintiff alleges that, to date, the anticipated wells have not yet been drilled, the Project has not been developed, and, despite defendants repeated promises and representations to repay plaintiff, he has not received any repayments of the funds he advanced to defendants. Plaintiff further alleges that OKT has conveyed the leasehold estates comprising the Project to Paradise and that Paradise has undertaken the responsibility to develop the Project and agreed to assume OKT's payment obligations to plaintiff.

On January 05, 2015, defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. On February 22, 2015, plaintiff filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) purporting to voluntarily dismiss his claims against Paradise without prejudice. On February 25, 2015, plaintiff filed his response to defendants' Motion to Dismiss.

II.  Standard of Review

   A.  Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different States." 28 U.S.C. § 1332(a). "Diversity of citizenship is determined at the commencement of the action." *Freeport–McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). However, Federal Rule of Civil Procedure 41(a)(1)(i) allows a plaintiff to dismiss his claims against a defendant "without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). "Under Rule 41(a)(1)(i), a plaintiff has an

absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).

B.  Federal Rule of Civil Procedure 12(b)(6)

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

3

III. Discussion

   A. Subject Matter Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction over this matter. Specifically, defendants assert that complete diversity between the parties is lacking in this matter because Paradise and plaintiff are both residents of Texas. In response, plaintiff concedes that complete diversity between the parties was not present at the time of the filing of his Complaint. However, plaintiff asserts that, while the motion to dismiss was pending, he has voluntarily dismissed his claims against the nondiverse defendant Paradise; therefore, defendants' jurisdictional objection is now moot. The Court agrees.

Plaintiff has voluntarily dismissed his claim against Paradise. Because plaintiff dismissed his claims against Paradise before defendants filed any answer or summary judgment motion, Paradise was dismissed from this case, as a matter of right, upon plaintiff filing his notice of dismissal.[4] Accordingly, the Court finds that it has subject matter jurisdiction over this matter because there is complete diversity of citizenship between the remaining parties. *See, e.g.*, *Chau Van Nguy v. Sawyer*, No. CIV.A. 12-808-JJB, 2013 WL 4538203, at *2 (M.D. La. Aug. 27, 2013) (finding although there was no complete diversity at the time the case was originally filed, plaintiff's voluntary dismissal of non-diverse defendants pursuant to Rule 41(a)(1)(A) while defendants' motion to dismiss for lack of subject matter jurisdiction was pending cured the jurisdictional defect); *see also Belleville v. Cottrell Auto Handling Corp.*, No. 09-CV-962-JPG-CJP, 2009 WL 5030757, at *1 (S.D. Ill. Dec. 16, 2009) ("a proper Rule 41(a)(1)(A)(i) notice of dismissal obviates the need for inquiry into the Court's subject matter jurisdiction as to the matters dismissed."); *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005) ("a

---

[4] The Court notes that defendants did not object to plaintiff's notice of voluntary dismissal nor have they responded to plaintiff's contention that the voluntary dismissal rendered defendants' jurisdictional objections moot.

4

plaintiff may use Rule 41 to dismiss a nondiverse party provided the party has not yet served an answer or motion for summary judgment.").

B. Federal Rule of Civil Procedure 12(b)(6)

Defendants assert that plaintiff has failed to state claim upon which relief can be granted. Specifically, defendants contend that plaintiff repeatedly refers to a letter agreement and subsequent agreements between the parties as the basis for his claims; yet, plaintiff has failed to attach the letter to his complaint. Defendants assert that this renders plaintiff's claims futile. The Court disagrees. Plaintiff has provided sufficient allegations in his Complaint regarding the alleged letter agreement and its terms sufficient to apprise defendants of plaintiff's claims. For example, plaintiff asserts that the letter agreement provided that plaintiff would provide to defendants $500,000.00, defendants would repay this amount plus interest within 4-6 months, and plaintiff would get certain equity interest in the Project. Accordingly, presuming these factual allegations, and the rest of the facts asserted in plaintiff's Complaint, are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has alleged sufficient facts to allege a claim upon which relief can be granted.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendants' Motion to Dismiss [docket no. 16].

**IT IS SO ORDERED this 8th day of April, 2015.**

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE